# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2173

_____

United States of America,          *

          *

        Plaintiff – Appellee,    *

          *   Appeal from the United States

    v.                   *   District Court for the

          *   District of Minnesota.

Bruce W. Betcher,         *

          *

        Defendant – Appellant.   *

_____

Submitted: June 11, 2008
Filed: July 22, 2008

_____

Before BYE, GRUENDER, and SHEPHERD, Circuit Judges.

_____

BYE, Circuit Judge.

A jury convicted Bruce W. Betcher of twenty-four counts of Production of Child Pornography under 18 U.S.C. §§ 2251(a) and (b), one count of Receipt of Child Pornography under 18 U.S.C. § 2252(a)(2), and one count of Possession of Child Pornography under 18 U.S.C. § 2252(a)(4)(B). On appeal, Betcher argues: (1) 18 U.S.C. § 2251 is unconstitutional due to an insufficient link with interstate commerce; (2) the district court[1] erred by admitting evidence not charged in the indictment because it was cumulative and the probative value was substantially outweighed by

_____

[1]The Honorable James M. Rosenbaum, Chief Judge, United States District Court for the District of Minnesota.

unfair prejudice; (3) the testimony of the government's child abuse expert was irrelevant and prejudicial and the district court abused its discretion by admitting it; and (4) the district court abused its discretion when sentencing him because it failed to properly weigh the 18 U.S.C. § 3553(a) factors. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

I

In 1997, Betcher and his wife obtained custody of their three young grandchildren: two girls, born in 1993 and 1995, and one boy, born in 1996. The children called Betcher "Dad." In 2004, Betcher took numerous pornographic and erotic pictures of his two young granddaughters and their three girlfriends. At the time the pictures were taken, the girls ranged in age from eight to eleven years old.

Betcher was apprehended after law enforcement found the pictures on a laptop computer in Georgia and subsequently discovered Betcher was the photographer and had transmitted the photos over the internet to the person in Georgia. Further investigation revealed Betcher had additional images of child pornography on his personal computer, including ninety-six pictures and sixteen videos. In his interview with Burnsville Police Department Detective Steve Adrian, Betcher admitted to having a preference for child pornography of prepubescent girls and to receiving and possessing child pornography on his personal computer. He denied having produced any such pictures. Investigators determined it was Betcher's digital Olympus camera, which was manufactured in Indonesia, which recorded the pornographic pictures.

At trial, Betcher's defense was the young girls – not he – had taken the photographs of each other. Each of the five girls testified Betcher took the photographs. Betcher's best friend testified to Betcher admitting to him he took the pictures of the young girls. The jury found him guilty on all counts.

Before sentencing, Betcher submitted a position paper arguing against a life sentence, contending it would be unreasonable because of his allegedly low risk of reoffending and because the Sentencing Commission erred when it crafted the sentencing guidelines for child pornography offenses. After a lengthy sentencing hearing, the district court rejected Betcher's arguments, calculated the appropriate guidelines range, considered the 18 U.S.C. §3553(a) factors and concluded a life sentence was reasonable. Because statutory maximums prevented the court from imposing a sentence of life, the court sentenced Betcher to consecutive terms of imprisonment for the statutory maximum term on all counts of conviction, for a total of 9000 months or 750 years.[2]

## II

Betcher challenges the constitutionality of the statute under which he was convicted for production of child pornography, raises two evidentiary issues, and attacks the reasonableness of his sentence.

## A

Betcher argues 18 U.S.C. § 2251 is unconstitutional and, therefore, the district court should have dismissed the production of child pornography charges (Counts 1-24) for lack of federal jurisdiction. We review a challenge to the constitutionality of a federal statute de novo. United States v. Crawford, 115 F.3d 1397, 1400 (8th Cir. 1997). However, "[i]t is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel." Owsley v. Luebbers, 281 F.3d 687, 690 (8th Cir. 2002) (citing United States v. Prior, 107 F.3d 654, 660 (8th Cir. 1997)).

---

[2]For a first time offender, the statutory maximum imprisonment is thirty years for each count of production of child pornography, 18 U.S.C. § 2251(e), twenty years for each count of receipt of child pornography, 18 U.S.C. § 2252(b)(1), and ten years for each count of possession of child pornography, 18 U.S.C. § 2252(b)(2).

Betcher argues the mere transportation across state or international lines of cameras used in the manufacture of child pornography does not constitute an impact upon interstate commerce sufficient to form a jurisdictional basis upon which Congress could validly prohibit the charged conduct under its Commerce Clause powers. More than one panel of this Court has already rejected this precise constitutional attack. United States v. Mugan, 394 F.3d 1016, 1020-24 (8th Cir. 2006) (holding 18 U.S.C. §§ 2251(a), 2252A(a)(5)(B) both require proof that the child pornography was produced with materials transported in interstate commerce and are thus tied to interstate commerce and constitutional);[3] United States v. Hampton, 260 F.3d 832, 834-35 (8th Cir. 2001) (holding, even after Morrison,[4] the federal criminalization of child pornography produced with materials that have traveled in interstate commerce is constitutional); United States v. Hoggard, 254 F.3d 744, 746 (8th Cir. 2001) (upholding a conviction under § 2251(b) when child pornography was produced with interstate materials and distinguishing Morrison and Lopez[5] because in neither of those cases "did the statute involved contain an express jurisdictional element, requiring the government to prove, in each case, a concrete connection with interstate commerce"); United States v. Bausch, 140 F.3d 739, 740-41 (8th Cir. 1998) (affirming a conviction for possession of child pornography under 18 U.S.C. § 2252(a) and rejecting defendant's claim that his prosecution was unconstitutional

---

[3]The Mugan judgment was vacated because of United States v. Booker, 543 U.S. 220 (2005), but the discussion concerning the constitutionality of the child pornography statutes is nonetheless persuasive.

[4]United States v. Morrison, 529 U.S. 598, 613 (2000) (holding Commerce Clause did not provide Congress with the authority to enact the civil remedy provision of the Violence Against Women Act because "[g]ender-motivated crimes of violence are not, in any sense of the phrase, economic activity" that substantially affects interstate commerce and the statute did not contain a "jurisdictional element establishing that the federal cause of action is in pursuance of Congress' power to regulate interstate commerce.").

[5]United States v. Lopez, 514 U.S. 549 (1995).

-4-

under the Commerce Clause); see also United States v. Koenen, 230 Fed. App'x 631 (8th Cir. 2007) (per curiam) (holding defendant's admission that the camera he used to produce the child pornography had traveled in interstate commerce is by itself sufficient to satisfy the analysis of whether there is an impact upon interstate commerce sufficient to prohibit the charged conduct under Congress's Commerce Clause powers).

B

Betcher contends the district court abused its discretion under Federal Rule of Evidence 403 when it admitted as evidence an additional twenty-six photographs and a video, none of which were charged as production counts in the indictment. Betcher argues the probative value of such evidence was low and was outweighed by the danger of unfair prejudice. We review a district court's evidentiary rulings for clear abuse of discretion. United States v. Cannon, 475 F.3d 1013, 1023 (8th Cir. 2007). "We will reverse a conviction only when an improper evidentiary ruling has affected substantial rights or had more than a slight effect on the verdict." Id. (internal quotation omitted).

Federal Rule of Evidence 403 provides relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. "Rule 403 does not offer protection against evidence that is merely prejudicial in the sense of being detrimental to a party's case. The rule protects against evidence that is *unfairly* prejudicial." United States v. McCourt, 468 F.3d 1088, 1092 (8th Cir. 2006) (quoting United States v. Johnson, 463 F.3d 803, 809 (8th Cir. 2006) (emphasis added in McCourt)). Unfair prejudice means an undue tendency to suggest decision on an improper basis. United States v. Adams, 401 F.3d 886, 899-900 (8th Cir. 2005) (quoting United States v. Lupino, 301 F.3d 642, 646 (8th Cir. 2002)). Evidence which is "so inflammatory on its face as to divert the jury's attention from the material issues in the trial" is unfairly prejudicial. Johnson, 463 F.3d at 809.

The challenged evidence is probative to undermine Betcher's defense that the girls took the pictures of themselves and distributed them over the internet. The video depicts Betcher and one of his granddaughters sitting at separate computers. Betcher adjusts a web camera to focus on the girl, who is dressed in a long t-shirt and underwear. Betcher reaches toward her inner thigh, at which time she pushes his hand away and says, "Quit." He responds, "I was videotaping," and adds, "We'll try to send it shortly." This video is relevant to show Betcher was in control of production and distribution, yet does not itself contain pornography or any representation of sexual assault such as would improperly inflame the jury.

The twenty-six uncharged photographs are part of a series of seventy-eight photographs taken of the same five children, on the same fifteen dates, with the same model of camera, in the same home, and transmitted to the same computer in Georgia. From this series, twenty-nine photographs constituting child pornography were charged in the indictment. When viewed together with the charged photographs, the uncharged photographs corroborate the victims' testimony that Betcher manufactured the pornographic pictures in his home. Some of the uncharged photographs show all five girls together, which indicates someone other than one of the girls took the photographs. In addition, contextual clues in the uncharged photographs – such as the type of underwear worn – assisted in identifying the victims in some charged photos, where the girls' faces are not visible. As with the video, the uncharged photographs do not contain graphic depictions of child pornography such as would improperly inflame the jury.

We find no danger of unfair prejudice in either the video or the uncharged photographs. Cf. United States v. Becht, 267 F.3d 767, 774 (8th Cir. 2001) (finding even "the admission of still images of child pornography does not rise to the level of unfair prejudice."). Because we find no danger of unfair prejudice, it is not necessary for us to evaluate the availability of evidentiary alternatives. See Old Chief v. United States, 519 U.S. 172, 182-83 (1997) (prescribing a Rule 403 balancing test whereby

if the court decides a particular item of evidence raises a danger of unfair prejudice, it should proceed to evaluate the degrees of probative value and unfair prejudice for the item in question as well as for any available evidentiary substitutes).

C

Betcher next contends the district court erred under Federal Rules of Evidence 401 and 403 when it admitted the testimony of Dr. Carolyn Levitt, an expert in child abuse offered by the prosecution. We review a trial court's decision to allow expert testimony for an abuse of discretion. United States v. Kirkie, 261 F.3d 761, 765 (8th Cir. 2001).

Evidence is not admissible if it is not relevant. Fed. R. Evid. 402. Relevant evidence is that "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable." Fed. R. Evid. 401. Dr. Levitt testified on three topics, which Betcher argues were irrelevant: (1) age appropriate sexual behavior, (2) delayed disclosure, and (3) sexual abuse. In addition to being irrelevant because he claims he "was not charged with any crime related to child abuse," Betcher argues the topic of sexual abuse should also have been excluded because it was unfairly prejudicial, particularly Dr. Levitt's testimony that child pornography is a form of child abuse.[6] See Fed R. Evid. 403.

Federal Rule of Evidence 702 permits the district court to admit the testimony of a witness whose knowledge, skill, training, experience, or education will assist a

---

[6]In fact, Betcher was charged with a crime related to child abuse; he was charged with manufacturing child pornography using children under the age of twelve years. See United States v. Bentley, 475 F. Supp. 2d 852, 858 n.5 (N.D. Iowa 2007) (explaining child pornography is one form of child abuse, which is evidenced by Congress's decision to define "offense of child molestation" for purposes of Federal Rule of Evidence 414 to include both acts of physical sexual abuse as well as child pornography).

trier of fact in understanding the evidence or determining a fact in issue. Kirkie, 261 F.3d at 765. See Fed R. Evid. 702. In the context of child abuse cases, a qualified expert can inform the jury as to behavioral characteristics of sexually abused children in general. Kirkie, 261 F.3d at 765. In this case, Dr. Levitt's testimony as to delayed disclosure helped the jury understand why the girls did not reveal they had been photographed until they were confronted with the images. Her testimony also helped explain why one granddaughter initially denied any photographs had been taken, and would not disclose who else was involved. Dr. Levitt's testimony regarding age appropriate sexual knowledge and conduct assisted the jury in evaluating the sexual content of the photographs and the victims' testimony as to who directed their poses.

The paramount question for the jury was who produced the pornographic photographs of the young girls. Betcher's defense was that the girls themselves took the photographs and he argued there were inconsistencies in their accounts regarding who produced them. Dr. Levitt's testimony was relevant because it educated the jury on issues necessary to their determination of who manufactured the photographs. With regard to her testimony regarding child pornography being a form of child abuse, the comment was used to explain the relevance of her expertise in the area of child sexual abuse. By characterizing child pornography as a form of child abuse, Dr. Levitt was able to show the jury how observations from her work with sexually abused children applied also to Betcher's victims. Defense counsel did not object at trial to the statement, and the district court did not commit plain error in not striking it sua sponte.

D

Betcher challenges his sentence, arguing it is unreasonable. We review the reasonableness of a sentence for abuse of discretion. United States v. Bonahoom, 484 F.3d 1003, 1005 (8th Cir. 2007). "A sentencing court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives

significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." Id. An appellate court "may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines," Rita v. United States, 127 S. Ct. 2456, 2462 (2007), and this court does so, United States v. Roberson, 517 F.3d 990, 993 (8th Cir. 2008). Betcher bears the burden of proving his sentence is unreasonable. United States v. Otterson, 506 F.3d 1098, 1100 (8th Cir. 2007).

Betcher concedes the district court properly calculated his advisory sentencing range under the U.S. Sentencing Guidelines. He also concedes the court addressed every issue raised in his position paper. In essence, Betcher argues the district court abused its discretion because it rejected his arguments for a sentence of imprisonment for a term less than life.

The district court properly calculated an offense level of 52, which it acknowledged is higher than the maximum level of 43 the guidelines contemplate. With no criminal history points and a maximum offense level, the advisory sentence is life imprisonment. Betcher argued to the district court, and again to this Court on appeal, he deserved a sentence less than life because of low risk of recidivism and because he did not physically harm the children. He also alleged the sentencing range for his offenses was overstated when viewed in the context of the policy goals of the Sentencing Commission; he contends the district court should have imposed a lower sentence to counterbalance this incongruity.[7]

---

[7]Specifically, Betcher's contention with regard to his sentencing range is that Sentencing Commission policy statements indicate the guidelines are fashioned so a first time offender committing an ordinary offense will face a sentencing range beginning with the statutory minimum. In the case of average child pornography offenses, the sentencing range starts much higher than the statutory minimum.

After a careful review of the sentencing transcript, we are satisfied the district court "considered the parties' arguments and ha[d] a reasoned basis for exercising his own legal decisionmaking authority." Rita, 127 S. Ct. at 2468. The district court explained it was not bound by the guidelines, but was called upon to calculate them because they were advisory. Sent. Tr. 79. It correctly calculated the applicable sentencing range and articulated its analysis of the factors provided in 18 U.S.C. § 3553(a), addressing each of Betcher's arguments for a lower sentence. The district court held a sentencing hearing, during which it heard expert testimony from both sides regarding the risk of recidivism. The court concluded neither expert presented numbers suggesting an insubstantial risk and it determined the probability of reoffending was "a pretty high percentage." Id. at 80. It also addressed Betcher's argument regarding the disproportion of child pornography sentences, concluding Congress – as well as a sense of justice and reason – called for serious punishment for a person who knowingly victimizes children. Id. at 81. After considering the relevant factors, the district court determined life was an appropriate sentence. The court explained, since each statute under which Betcher was convicted contained a statutory maximum, it imposed consecutive maximum sentences on all counts to ensure Betcher served a term of lifetime imprisonment.

We are mindful that a sentence should be sufficient, but not greater than necessary, to accomplish the goals of sentencing. Betcher's sentence – for practical purposes – is a life sentence, and that is how we view it. The district court emphasized incapacitation among its various sentencing goals and stressed the importance of a life sentence in achieving that result. The absurdity of a 750 year

sentence, or even a 10,000 year sentence, should not detract from the gravity of Betcher's crimes.

## III

Because of the foregoing, we affirm Betcher's conviction and his sentence.

_____