# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1221

_____

United States of America,            *
                                     *
             Appellee,               *
                                     *   Appeal from the United States
      v.                             *   District Court for the
                                     *   District of Nebraska.
Billy Marcus Wright,                 *
                                     *   [UNPUBLISHED]
             Appellant.              *

_____

Submitted: June 8, 2009
Filed: July 13, 2009

_____

Before SMITH and SHEPHERD, Circuit Judges, and LIMBAUGH,[1] District Judge.

_____

PER CURIAM.

The Appellant, Billy Marcus Wright, pled guilty to one count of distributing more than five grams of crack cocaine. See 21 U.S.C. § 841(a)(1). The district court[2] imposed a sentence of the statutory minimum 60 months imprisonment followed by four years of supervised release. In this appeal, Wright contends that he was improperly denied the benefit of "safety valve" relief which would have permitted the district court to impose a sentence below the statutory minimum. We affirm.

_____

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri, sitting by designation.

[2]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

"Safety-valve relief allows the district court to disregard an applicable statutory minimum if certain requirements are met." United States v. Barrera, 562 F.3d 899, 902 (8th Cir. 2009) (citing 18 U.S.C. § 3553(f)). One of the requirements for safety-valve relief is that the defendant not have a criminal history score of "more than 1 criminal history point, as determined under the sentencing guidelines." 18 U.S.C. § 3553(f)(1). The Presentence Investigation Report (PSR) in Wright's case reflected *two* criminal history points: one point each for two Nebraska sentences, one in 2000 and one in 2003, imposed for separate convictions of possession of one ounce or less of marijuana. Each of these sentences consisted of a fine of $100.00.[3] This criminal history score rendered Wright ineligible for safety valve relief.

In determining a criminal history score, the Sentencing Guidelines provide that "[s]entences for all felony offenses are counted," that the sentences for six enumerated misdemeanor or petty offenses "and offenses similar to them" are never counted, and that certain listed misdemeanor and petty offenses "and offenses similar to them" are counted only if "(A) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense." United States Sentencing Commission, Guidelines Manual, §4A1.2(c). At sentencing, Wright argued the district court should consider section 4A1.2(c) as advisory only in calculating his criminal history score, and he asserted that the PSR's criminal history score overstated his criminal history. Wright further contended that neither of the possession-of-marijuana convictions, termed "infractions" under Nebraska law, should be counted for criminal history computation purposes. Specifically, Wright pointed out that the sentences imposed consisted only of fines of $100.00. Wright asked that one or both criminal history points be removed.

---

[3]The PSR noted that each of these possession-of-marijuana convictions was accompanied by a conviction for a minor traffic violation. However, sentences for minor traffic violations are never counted in computing criminal history. United States Sentencing Commission, Guidelines Manual, §4A1.2(c)(2).

The district court rejected these arguments, accepted section 4A1.2(c) as mandatory in calculating Wright's criminal history score, and accepted the PSR's scoring of *two* criminal history points. Accordingly, the district court found Wright ineligible for safety-valve relief.

In this appeal, Wright asserts that the criminal history point calculation under section 4A1.2(c) is advisory only which would permit the district court to ignore one or both of his criminal history points, thereby rendering him eligible for safety valve relief. Our review of the district court's interpretation of Chapter Four of the Sentencing Guidelines is de novo and our review of the district court's application of Chapter Four to the facts is for clear error. United States v. Strange, 102 F.3d 356, 361 (8th Cir. 1996).

We reject Wright's claim as "[w]e have already addressed and rejected the notion that a criminal history point calculation is advisory [post-United States v. Booker, 543 U.S. 220 (2005)]." Barrera, 562 F.3d at 903. In United States v. Leon-Alvarez, we determined that the calculation of criminal history points is not advisory, see 532 F.3d 815, 818-19, and it is part of the procedural requirement that "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," United States v. Gall, 128 S. Ct. 586, 596 (2007).

Wright recognizes this authority but contends our decision in Leon-Alvarez did not take into account that the determination of whether a prior conviction is similar to an offense listed in section 4A1.2(c) is fact intensive and requires a degree of judicial fact-finding which is violative of the Sixth Amendment. However, in Barrera, we clearly addressed Wright's Sixth Amendment claim by recognizing the Sixth Amendment underpinnings of Booker, and we followed Booker in requiring mandatory criminal history point calculations under the Guidelines. Since we are bound by the decisions of prior panels of our circuit, Wright's claim must be rejected. United States v. Betcher, 534 F.3d 820, 823-24 (8th Cir. 2008) ("[I]t is a cardinal rule

in our circuit that one panel is bound by the decision of a prior panel."), <u>cert. denied</u>, 129 S. Ct. 962 (2009); <u>United States v. Riza</u>, 267 F.3d 757, 760 (8th Cir. 2001) ("Only the court en banc may overrule . . . prior panel opinions.").

      We affirm the sentence of the district court.

_____