# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1875

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Solomon Coffey, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: October 19, 2009
Filed: November 3, 2009

_____

Before RILEY, HANSEN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

In 2003, Solomon Coffey was sentenced to 324 months in prison following his conviction for intent to distribute and conspiracy to distribute cocaine base (crack cocaine). His conviction and sentence were ultimately affirmed on appeal. See United States v. Coffey, 415 F.3d 882 (8th Cir. 2005), cert. denied, 547 U.S. 1123 (2006). In response to Coffey's subsequent motion for postconviction review under 28 U.S.C. § 2255, the district court[1] *sua sponte* raised the issue of whether Coffey was

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

eligible for a sentencing reduction under Amendment 706 to the United States Sentencing Guidelines as authorized by 18 U.S.C. § 3582(c)(2). Without briefing or argument from counsel on the issue, the district court sentenced Coffey to a reduced sentence of 262 months, the bottom of the newly calculated Guidelines range following a two-level reduction under the amended crack cocaine Guidelines as allowed by Amendment 706. Coffey appeals his new sentence, and we affirm.

Coffey argues that the Supreme Court's reasoning in United States v. Booker, 543 U.S. 220 (2005), making the Guidelines advisory, should apply to give district courts discretion to reduce a sentence below the newly calculated Guidelines range when resentencing a defendant pursuant to § 3582(c)(2). As Coffey recognizes, we have rejected his argument, see United States v. Starks, 551 F.3d 839, 843 (8th Cir.) (holding that a district court resentencing a defendant based on the retroactive change in the crack cocaine Guidelines pursuant to § 3582(c)(2) lacks authority to sentence a defendant below the newly calculated Guidelines range and need not hold an evidentiary hearing on the issue), cert. denied, 129 S. Ct. 2746 (2009), and, notwithstanding any reasoning that the prior panel may not have considered and holdings from other circuits to the contrary, this panel is bound by that holding, see United States v. Betcher, 534 F.3d 820, 823-24 (8th Cir. 2008) ("[I]t is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel.") (internal marks omitted), cert. denied, 129 S. Ct. 962 (2009).

Coffey's sentence is affirmed.

_____