# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2787

_____

United States of America,                    *
                                             *
          Appellee,                          *
                                             *    Appeal from the United States
     v.                                       *    District Court for the
                                             *    District of Minnesota.
Dennis Michael Lemke,                         *
                                             *    [UNPUBLISHED]
          Appellant.                          *

_____

Submitted: May 14, 2010
Filed: June 4, 2010

_____

Before WOLLMAN, SMITH, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Dennis Michael Lemke conditionally pleaded guilty to producing child pornography, in violation of 18 U.S.C. § 2251(a) and (e), and was sentenced to 360 months' imprisonment. Lemke appeals, arguing that § 2251(a) is unconstitutional and that his sentence is unreasonable. We affirm.

I.

Lemke was indicted on five counts of producing child pornography. He moved to dismiss the indictment, arguing that 18 U.S.C. § 2251(a) regulates sexual activity, not economic activity, and thus is not a permissible exercise of Congress's regulatory

power under the commerce clause. After the motion was denied, he pleaded guilty to one count, reserving the right to appeal the denial of his motion to dismiss. In his plea agreement and during his plea colloquy, Lemke admitted that he "did knowingly employ, use, persuade, induce, entice, and coerce Jane Doe #5, a minor who was then under the age of twelve, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct." He further admitted that he created the child pornography using a Minolta Dimage X digital camera that had been mailed, shipped, and transported in interstate and foreign commerce.

The forensic examination of Lemke's computer, electronic storage media, and Minolta Dimage X digital camera revealed sexually explicit images of children. Of the three hundred images of interest that were taken with a Minolta Dimage X digital camera, there were eight series of images that depicted Lemke and eight prepubescent female victims. Each series begins with images of Lemke and the victim and progresses to sexually explicit images of the victim, including the lascivious exhibition of the victim's genitals. Other images showed digital and anal penetration. The electronically stored data also included a movie that showed an adult male believed to be Lemke performing oral sex on a prepubescent girl and a still picture showing an adult male who appears to have ejaculated on the genital area of a prepubescent girl. The victims had been entrusted to the in-home day care facility operated by Lemke's wife.

At the sentencing hearing, the district court[1] noted that it had reviewed approximately 800 images related to the identified victims and a representative sample of the 61,000 downloaded images. It remarked that the majority of the pictures were of very young children, as young as nine-months old. The district court acknowledged the receipt of the letters from Lemke and his family and the video

---

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

submitted by Lemke's mother and brother. It had read the victim impact statements and, at sentencing, heard statements from parents of three of the victims. The district court stated, "The level of betrayal and trust, and maybe compulsive behavior, where you had to take picture after picture after picture over a number of months is, it suggests, is a level of seriousness that a judge has to take into consideration." The district court properly calculated Lemke's sentence under the U.S. Sentencing Guidelines, and after reviewing the factors set forth in 18 U.S.C. § 3553(a), sentenced Lemke to 360 months' imprisonment.

## II.

Lemke contends that his indictment should have been dismissed because 18 U.S.C. § 2251(a) is unconstitutional. According to Lemke, the statute exceeds Congress's authority under the commerce clause and the disposition of his case should therefore have been left to the state of Minnesota. Section 2251(a) criminalizes the production of child pornography that "was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means." We have repeatedly upheld the validity of § 2251 against commerce clause attacks. See, e.g., United States v. McCloud, 590 F.3d 560, 568 (8th Cir. 2009), *petition for cert. filed*, 78 U.S.L.W. 3581 (U.S. Mar. 25, 2010) (No. 09-1177); United States v. Pliego, 578 F.3d 938, 944 (8th Cir. 2009), *cert. denied*, 130 S. Ct. 1109 (U.S. Jan. 11, 2010) (No. 09-7857); United States v. Nichols, 574 F.3d 633, 637 (8th Cir. 2009); United States v. Betcher, 534 F.3d 820, 824 (8th Cir. 2008). The district court did not err in denying Lemke's motion to dismiss the indictment.

Lemke argues that his 360-month sentence was substantively unreasonable because it was greater than necessary to accomplish the goals of federal sentencing. We review the reasonableness of a sentence for abuse of discretion, and we may apply a presumption of reasonableness to a sentence that reflects the proper application of the U.S. Sentencing Guidelines. Betcher, 534 F.3d at 826-27 (standard of review).

Lemke concedes that his guidelines sentence was life imprisonment, subject to the thirty-year statutory maximum term under 18 U.S.C. § 2251(e). The sentencing transcript reflects that the district court carefully considered the sentencing factors under 18 U.S.C. § 3553(a) and Lemke's argument for a sentence below the guidelines range when it decided that "[a]nything less than 360 months or 30 years would not serve properly the functions of sentencing; that is, just punishment, fairness, deterrence, protecting public safety." The district court did not abuse its discretion in sentencing Lemke to 360 months' imprisonment.

### III.

The conviction and sentence are affirmed.

_____