# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3918

_____

Alisha Stevenson,

             Appellant,

v.

FCI Waseca; Bureau of Prisons;
Ricardo Rios,

             Appellees.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of Minnesota.
\*
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: June 17, 2010
Filed: July 8, 2010

_____

Before LOKEN, BRIGHT and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Alisha Stevenson is currently serving a 41-month sentence at FCI Waseca, which is operated by the Bureau of Prisons ("BOP"), for distribution of cocaine. Under 18 U.S.C. § 3621(e)(2)(B), the BOP is authorized, in its discretion, to reduce the sentences of inmates who were convicted of a nonviolent offense and who complete a drug treatment program. Stevenson filed a habeas petition under 28 U.S.C. § 2241, challenging the BOP's policy of denying such a sentence reduction to inmates who, like Stevenson, received an enhancement to their advisory sentencing guidelines calculation for possession of a firearm. *See* 28 C.F.R. § 550.58(a)(1)(vi)(B).

Stevenson argues that the BOP promulgated this rule in violation of the Administrative Procedure Act ("APA"). *See* 5 U.S.C. § 706(2)(A). The district court[1] rejected this argument and dismissed Stevenson's habeas petition.

We have already held that 28 C.F.R. § 550.58 was validly promulgated under the Administrative Procedure Act. *See Gatewood v. Outlaw*, 560 F.3d 843, 848-49 (8th Cir.), *cert. denied*, 558 U.S. ---, 130 S. Ct. 490 (2009). Stevenson acknowledges that *Gatewood* is controlling on this issue, but she asks us to reconsider that decision. We have no power to do so, as "it is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel." *United States v. Betcher*, 534 F.3d 820, 823-24 (8th Cir. 2008) (quoting *Owsley v. Luebbers*, 281 F.3d 687, 690 (8th Cir. 2002)), *cert. denied*, 555 U.S. ---, 129 S. Ct. 962 (2009). Moreover, the BOP recently promulgated 28 C.F.R. § 550.55, which reaffirms the challenged policy and addresses the alleged APA shortcomings that Stevenson identifies in § 550.58. Stevenson did not enter the drug treatment program until after March 16, 2009, when this new rule went into effect. *See* 74 Fed. Reg. 1892, 1892 (Jan. 14, 2009). Therefore, even if *Gatewood* were not controlling, Stevenson has identified no defect in § 550.55, which also prohibits her from receiving a sentence reduction. Accordingly, we affirm the district court's dismissal of Stevenson's habeas petition.

_____

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, adopting the report and recommendation of the Honorable Janie S. Mayeron, United States Magistrate Judge for the District of Minnesota.