# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2776

_____

United States of America,

          Appellee,

v.

Robert E. Williams, Jr.,

          Appellant.

\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   District of Nebraska.
\*
\*   [UNPUBLISHED]
\*

_____

Submitted:  July 26, 2010
Filed:  July 29, 2010

_____

Before BYE, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement, Robert Williams pleaded guilty to conspiring to distribute and possess with intent to distribute 500 grams or more of a methamphetamine mixture, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1), and 846. The district court[1] sentenced him within the applicable advisory Guidelines range to 121 months in prison and 5 years of supervised release.  On appeal, Williams's counsel has moved for leave to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), questioning whether the district court erred in

_____

[1]The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

declining to grant Williams safety-valve relief, and in sentencing Williams based on the drug-quantity calculation contained in the presentence report without making an independent drug-quantity finding. In addition, Williams has moved for appointment of counsel.

First, we conclude that the district court did not err in concluding that Williams was ineligible for safety-valve relief, because Williams conceded at sentencing that he had two prior marijuana-possession convictions, which resulted in a total of two criminal history points. See 18 U.S.C. § 3553(f)(1)-(5) (describing circumstances where court shall impose sentence pursuant to Guidelines without regard to any statutory minimum sentence); United States v. Barrera, 562 F.3d 899, 902-03 (8th Cir. 2009) (district court cannot reduce defendant's criminal history score simply to make him eligible for safety-valve relief under § 3553(f)); see also United States v. Wright, 329 Fed. Appx. 42, 43-44 (8th Cir. 2009) (unpublished per curiam) (where defendant received two criminal history points for two prior Nebraska convictions for possession of one ounce or less of marijuana, concluding that criminal history computation was correct and defendant was ineligible for safety-valve relief). Second, we conclude that Williams cannot challenge the drug-quantity calculation contained in the presentence report, because he effectively withdrew his objection below. See United States v. Thompson, 289 F.3d 524, 526-27 (8th Cir. 2002) (where defendant withdrew objections in district court, he was precluded from raising those objections on appeal). We also conclude that the district court did not impose an unreasonable sentence. See United States v. Feemster, 572 F.3d 455, 461, 464 (8th Cir. 2009) (en banc) (standards for reviewing sentence).

Finally, having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issue for appeal. Accordingly, we grant counsel's motion to withdraw, deny Williams's motion for appointed counsel, and affirm the judgment of the district court.

_____