**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jimmy B. GLOVER, Defendant–
Appellant.**

**No. 10–2271.**

United States Court of Appeals,
Seventh Circuit.

Submitted Jan. 20, 2011.

Decided Jan. 21, 2011.

---

**14**

Todd S. Shellenbarger, Attorney, Office of the United States Attorney, Evansville, IN, for Plaintiff–Appellee.

John A. Goodridge, Attorney, Evansville, IN, for Defendant–Appellant.

Jimmy B. Glover, Memphis, TN, pro se.

Before RICHARD A. POSNER, Circuit Judge, TERENCE T. EVANS, Circuit Judge, and DAVID F. HAMILTON, Circuit Judge.

### ORDER

Jimmy Glover, who is presently 38 years old, videotaped a girl engaging in sexually explicit conduct, sometimes with him, on at least six different occasions when she was between 13 and 16 years old. Glover gave the girl an intoxicant (known as "canned air" or "duster"), and in the videos she appears semi-conscious. Authorities even-tually discovered and seized the videos, plus hundreds of computer files containing child pornography that Glover had down-loaded from the Internet. He pleaded guilty without a plea agreement to four counts of sexually exploiting a minor, 18 U.S.C. § 2251(a), one count of receiving child pornography, *id.* § 2252(a)(2), and twenty counts of possessing child pornog-raphy, *id.* § 2252(a)(4)(B). The guidelines imprisonment range was life based on Glo-ver's total offense level of 44, and the district court sentenced him to a total of 30 years' imprisonment. Glover filed a notice of appeal, but his appointed attorney has concluded that the case is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Glover has not re-sponded to counsel's submission. *See* Cir. R. 51(b). We review only the potential issues identified in counsel's facially ade-quate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir.2002).

Counsel first questions whether Glover might challenge the voluntariness of his guilty pleas or the district court's compli-ance with Federal Rule of Criminal Proce-dure 11. But counsel gives no indication that Glover wants his guilty pleas set aside, so this discussion should have been omitted. *See United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir.2002).

Counsel has identified only one other potential issue: whether Glover could chal-lenge the reasonableness of his overall prison sentence. Although the guidelines manual does not attempt to define "life" imprisonment in terms of equivalent years or months (most federal criminal statutes do not authorize life imprisonment, as is true for the statutes Glover violated), the Sentencing Commission equates "life" with 470 months. U.S. Sentencing Comm'n, 2009 Sourcebook of Federal Sentencing Statistics app. A, at 158 (14th ed.2009),

*available at* http://www.ussc.gov/Data_
and_Statistics/Annual_Reports_and_
Sourcebooks/2009/appendix_A.pdf (last vis-
ited Jan. 6, 2010). That is one means of
quantifying a "range" of life. *See United
States v. Nelson,* 491 F.3d 344, 349–50 (7th
Cir.2007). Another accepted method is to
calculate the defendant's total prison expo-
sure if he receives consecutive, maximum
statutory terms, which for Glover would
have been 340 years' imprisonment. *See
United States v. Sarras,* 575 F.3d 1191,
1208–09, 1220–21 (11th Cir.2009); *United
States v. Betcher,* 534 F.3d 820, 827–28
(8th Cir.2008); *United States v. Veysey,*
334 F.3d 600, 602 (7th Cir.2003). Either
way, the 360 months Glover received is
substantially below the guidelines range
and, as a result, is presumptively reason-
able. *See United States v. Jackson,* 598
F.3d 340, 345 (7th Cir.), *cert. denied,* ——
U.S. ——, 131 S.Ct. 435, 178 L.Ed.2d 338
(2010); *United States v. Wallace,* 531 F.3d
504, 507 (7th Cir.2008). Counsel has not
identified any basis to set aside that pre-
sumption, nor have we. Indeed, at sen-
tencing even Glover's counsel conceded
that imprisonment "in the range of 20 to
30 years" would be appropriate, though
counsel added that Glover was "hoping for
something" closer to 25 years. The dis-
trict court expressly addressed Glover's
arguments in mitigation—his limited crimi-
nal history and his relatives' testimony
that his grandfather had sexually abused
him—but concluded that Glover was "a
predator of children," especially because
he went beyond downloading child pornog-
raphy by actually making his own films, so
a lengthy prison sentence was needed to
prevent him from engaging in similar con-
duct. We thus agree with counsel that a
reasonableness challenge would be frivo-
lous.

---

* After examining the briefs and the record, we
have concluded that oral argument is unnec-
essary. Thus, the appeal is submitted on the

Accordingly, we GRANT counsel's mo-
tion to withdraw and DISMISS the appeal.