NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 20, 2011
Decided January 21, 2011

**Before**

RICHARD A. POSNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-2271

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Southern District of Indiana, |
| | Evansville Division. |
| *v.* | |
| | No. 3:08CR00021-001 |
| JIMMY B. GLOVER, | |
| *Defendant-Appellant.* | Richard L. Young, |
| | *Chief Judge.* |

**O R D E R**

Jimmy Glover, who is presently 38 years old, videotaped a girl engaging in sexually explicit conduct, sometimes with him, on at least six different occasions when she was between 13 and 16 years old. Glover gave the girl an intoxicant (known as "canned air" or "duster"), and in the videos she appears semi-conscious. Authorities eventually discovered and seized the videos, plus hundreds of computer files containing child pornography that Glover had downloaded from the Internet. He pleaded guilty without a plea agreement to four counts of sexually exploiting a minor, 18 U.S.C. § 2251(a), one count of receiving child pornography, *id.* § 2252(a)(2), and twenty counts of possessing child pornography, *id.* § 2252(a)(4)(B). The guidelines imprisonment range was life based on Glover's total offense level of 44, and the district court sentenced him to a total of 30 years' imprisonment. Glover filed a notice of appeal, but his appointed attorney has concluded that the case is frivolous

and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967).  Glover has not responded to counsel's submission.  *See* CIR. R. 51(b).  We review only the potential issues identified in counsel's facially adequate brief.  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first questions whether Glover might challenge the voluntariness of his guilty pleas or the district court's compliance with Federal Rule of Criminal Procedure 11.  But counsel gives no indication that Glover wants his guilty pleas set aside, so this discussion should have been omitted.  *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002).

Counsel has identified only one other potential issue: whether Glover could challenge the reasonableness of his overall prison sentence.  Although the guidelines manual does not attempt to define "life" imprisonment in terms of equivalent years or months (most federal criminal statutes do not authorize life imprisonment, as is true for the statutes Glover violated), the Sentencing Commission equates "life" with 470 months.  U.S. SENTENCING COMM'N, 2009 SOURCEBOOK OF FEDERAL SENTENCING STATISTICS app. A, at 158 (14th ed. 2009), *available at* http://www.ussc.gov/Data_and_Statistics/Annual_Reports_and_Sourcebooks/2009/appendix_A.pdf (last visited Jan. 6, 2010).  That is one means of quantifying a "range" of life. *See United States v. Nelson*, 491 F.3d 344, 349-50 (7th Cir. 2007).  Another accepted method is to calculate the defendant's total prison exposure if he receives consecutive, maximum statutory terms, which for Glover would have been 340 years' imprisonment.  *See United States v. Sarras*, 575 F.3d 1191, 1208-09, 1220-21 (11th Cir. 2009); *United States v. Betcher*, 534 F.3d 820, 827-28 (8th Cir. 2008); *United States v. Veysey*, 334 F.3d 600, 602 (7th Cir. 2003). Either way, the 360 months Glover received is substantially below the guidelines range and, as a result, is presumptively reasonable.  *See United States v. Jackson*, 598 F.3d 340, 345 (7th Cir.), *cert. denied*, 131 S. Ct. 435 (2010); *United States v. Wallace*, 531 F.3d 504, 507 (7th Cir. 2008).  Counsel has not identified any basis to set aside that presumption, nor have we. Indeed, at sentencing even Glover's counsel conceded that imprisonment "in the range of 20 to 30 years" would be appropriate, though counsel added that Glover was "hoping for something" closer to 25 years.  The district court expressly addressed Glover's arguments in mitigation—his limited criminal history and his relatives' testimony that his grandfather had sexually abused him—but concluded that Glover was "a predator of children," especially because he went beyond downloading child pornography by actually making his own films, so a lengthy prison sentence was needed to prevent him from engaging in similar conduct.  We thus agree with counsel that a reasonableness challenge would be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.