[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10587
Non-Argument Calendar
_____

D.C. Docket No. 6:14-cr-00175-RBD-DAB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MATTHEW C. GRAZIOTTI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 23, 2015)

Before TJOFLAT, HULL and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Matthew Graziotti, the appellant, is a 44-year-old sexual predator who used his positions as an elementary-school teacher, a summer-camp director, and a youth pastor to gain access to children.  Over the course of four years, Graziotti documented in photographs and videos his sexual abuse of 29 children, all younger than 12 years old and some as young as 6 years old.  The scope of his vile conduct was revealed in July 2014, when law enforcement agents executed a search warrant at his home and discovered that he had saved those photographs and videos, in addition to thousands of other images of child pornography, on his computer.

In July 2014, Graziotti was indicted on seven counts of sexually exploiting a minor (producing child pornography), in violation of 18 U.S.C. § 2251(a); one count of distributing child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A); and one count of possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).  He pled guilty to all charges without a plea agreement, and the District Court sentenced him to consecutive prison terms of 30 years on each of the seven § 2251(a) counts,[1] and concurrent prison terms of 20 years on the two remaining counts[2] for a total imprisonment of 210 years.[3]

---

[1]  The maximum sentence for the each of the seven counts was 30 years.  18 U.S.C. § 2251(e).

[2]  The maximum sentence for each of these two counts was 20 years.  18 U.S.C. § 2252A(b)(1), (b)(2).

[3]  The total sentence prescribed by the Sentencing Guidelines was life imprisonment.

Graziotti appeals this 210-years' sentence of imprisonment . He argues that the sentence—though technically a downward variance from the Guidelines prescribed sentence—is substantively unreasonable because it is "definitionally excessive as a means of general deterrence or incapacitation." He contends that the statutory goals of deterrence and protecting the public from further crimes of the defendant could be adequately served by a lesser sentence that would still keep him in prison for the remainder of his life. And because a sentence of 210 years is several times greater than his remaining life expectancy, it is by definition "greater than necessary" to serve the purposes of sentencing prescribed in 18 U.S.C. § 3553.

We review the reasonableness of a district court's sentence under a deferential abuse of discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591, 169 L. Ed. 2d 445 (2007). The district court is required to impose a sentence that is "sufficient, but not greater than necessary to comply with the purposes" of sentencing listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the

defendant, the kinds of sentences available, the applicable Guideline sentence range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* at § 3553(a)(1), (3)-(7).

Graziotti has not shown that the 210-years prison term is substantively unreasonable in light of the record and the § 3553(a) factors. The term meets the purposes of sentencing set out in § 3553(a). That Graziotti's sentence is physically impossible to serve during his lifetime does not render it unreasonable. "Child sex crimes are among the most egregious and despicable of societal and criminal offenses, and courts have upheld lengthy sentences in these cases as substantively reasonable." *United States v. Sarras*, 575 F.3d 1191, 1220-21 (11th Cir. 2009) (upholding a 100-year sentence for producing child pornography). A sentence that is clearly longer than the defendant's remaining life expectancy is not *per se* unreasonable. *See, e.g., United States v. Johnson*, 451 F.3d 1239, 1243-44 (11th Cir. 2006) (finding a 140-year sentence for offenses of producing and distributing child pornography reasonable); *United States v. Betcher*, 534 F.3d 820, 828 (8th Cir. 2008) (persuasive authority holding "The absurdity of a 750 year sentence, or even a 10,000 year sentence, should not detract from the gravity of [a child pornography producer's] crimes.").

4

The 210-years' prison term Graziotti received is not substantively unreasonable.  The district court's judgment is therefore

AFFIRMED.