**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1740
_____

UNITED STATES OF AMERICA

v.

ERIC JAMES STULL,
                            Appellant
_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-16-cr-00125-001)
District Judge: Hon. Donetta W. Ambrose
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 18, 2019
_____

Before: GREENAWAY, JR., SHWARTZ, and PORTER, Circuit Judges.

(Filed:  January 22, 2019)

_____

OPINION*
_____

SHWARTZ, Circuit Judge.

---

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Defendant Eric James Stull appeals his sentence for producing, distributing, and possessing child pornography. Because the District Court's sentence was procedurally and substantively reasonable, we will affirm.

I

Stull sexually assaulted his adopted daughter for a ten-year period beginning when she was less than two years old. He created 106 photographs and thirty-nine videos of his assaults. Stull was arrested by the Pennsylvania State Police and charged with Rape-Less than 13 years of Age, Involuntary Deviate Sexual Intercourse with a Child, Unlawful Contact with a Minor, and Corruption of Minors, all under Pennsylvania law. Stull was convicted and sentenced in the Pennsylvania Court of Common Pleas to 340 to 640 years' imprisonment. Stull was also charged in a federal indictment with thirty-nine counts of Production of Material Depicting the Sexual Exploitation of a Minor, 18 U.S.C. § 2251(a), (e), one count of Distribution of Material Depicting the Sexual Exploitation of a Minor, 18 U.S.C. § 2252(a)(2), and one count of Possession of Material Depicting the Sexual Exploitation of a Minor, 18 U.S.C. § 2252(a)(4)(B). Stull pleaded guilty.

The Presentence Report ("PSR") calculated a total offense level of 43, which triggered a life sentence. Because the Guidelines range exceeds the highest statutory maximum sentence for any count of conviction, the PSR stated that the range would have to be adjusted pursuant to U.S.S.G. § 5G1.2(d). Stull did not object to the PSR calculation, but at sentencing he sought a 240-month sentence. The Government requested a sentence commensurate with the 340-year state sentence to "ensure that this defendant never sees the light of day." App. 179-80. The District Court considered these

2

requests as well as statements from Stull, his sons, and his wife. Thereafter, the Court stated that this was "an entirely heinous crime . . . the worst of these types of cases that [it has] seen," App. 200, and recognized Stull's personal history, including his experience with Post-Traumatic Stress Disorder ("PTSD") from his military service, the state court sentence, the goal of deterring him from future similar conduct, the need to protect the public and his family, and the need for just punishment.

The District Court adopted the PSR's offense level calculation and sentenced Stull to a total of 338 years, one month, and eleven days' imprisonment. "This term consist[ed] of 20 years imprisonment at each of Counts 1-17 to be served consecutively; 15 years at each of Counts 18-39 and 20 years at each of Counts 40-41 to be served concurrently to each other and to Counts 1-17." App. 3. The sentence was ordered to run concurrent with Stull's state sentence. Stull was also sentenced to a term of supervised release of life on all counts to run concurrently. After the sentence was imposed, Stull questioned its procedural reasonableness, challenging the Court's "reliance on [the] nature and circumstances of the offense as a foremost factor." App. 216. In response, the Court noted "I think I referred to all of them." Id. Stull appeals.

II[1]

Before the District Court, Stull argued that his sentence was procedurally unreasonable because the Court put undue weight on the nature of his offense. On appeal, he makes additional arguments of procedural unreasonableness and claims that

---

[1] The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231. This Court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

3

his sentence is substantively unreasonable because it amounts to a sentence greater than that often imposed for murder.

For arguments that were not raised before the District Court, we review for plain error.[2] United States v. Flores-Mejia, 759 F.3d 253, 256 (3d Cir. 2014) (en banc). For arguments that were raised, we review for abuse of discretion. See United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). The party challenging the sentence bears the burden of demonstrating procedural and substantive unreasonableness. Id. We will first review Stull's arguments concerning procedural unreasonableness.

A

In reviewing the procedural reasonableness of a district court's sentence, we focus on whether the district court: (1) calculated the applicable Guidelines range, (2) considered any departure motions, and (3) meaningfully considered all relevant 18 U.S.C. § 3553(a) factors, including any variance requests. United States v. Merced, 603 F.3d 203, 215 (3d Cir. 2010). "[A]bsent any significant procedural error, we must 'give due deference to the district court's determination that the § 3553(a) factors, on a whole,' justify the sentence." Tomko, 562 F.3d at 568 (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).

---

[2] To establish plain error, a litigant must demonstrate: (1) an error; (2) that is clear or obvious; and (3) that affects the litigant's substantial rights. Virgin Islands v. Mills, 821 F.3d 448, 456 (3d Cir. 2016). If all three prongs are satisfied, our Court has discretion to remedy the error "only if . . . the error 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" Id. at 457 (quoting Johnson v. United States, 520 U.S. 461, 467 (1997)).

Stull's first argument, the only claim that he preserved, is that the District Court misapplied the § 3553(a) factors at the third step of the sentencing procedure. See Merced, 603 F.3d at 215. He argues that the Court failed to make an appropriate individualized assessment under the § 3553(a) factors by placing improper weight on the nature of his offense. Stull's argument fails. While the Court emphasized the "heinous" nature of his crimes "first and foremost," App. 200, the Court also discussed other § 3553(a) factors, including Stull's personal history and PTSD, deterrence, public protection, and just punishment. Thus, the Court considered his offense conduct over a ten-year period and other § 3553(a) factors.[3]

Stull's other procedural arguments that (1) the District Court's sentence violated U.S.S.G. § 5G1.2(d), (2) the Court failed to explain why Stull's proposed 240-month sentence was insufficient, and (3) the Court ceded to the Government's desire for insurance on the state sentence, were not preserved and are therefore subject to plain error review. As explained below, the Court committed no errors.

First, the District Court did not err in issuing consecutive sentences amounting to 338 years. The Guidelines provide that

---

[3] Indeed, Stull admits that the District Court "mention[ed] all the applicable factors." Def.'s Br. at 21 (quoting App. 216). So Stull takes issue not with whether the Court considered the relevant § 3553(a) factors, but with how the Court weighed those factors. We have characterized such an argument as a challenge to the substantive reasonableness of the sentence imposed. See United States v. Fountain, 792 F.3d 310, 323 (3d Cir. 2015) ("Fountain's argument ultimately amounts to a challenge of substantive unreasonableness, as a complaint that a district court's choice of sentence did not afford certain factors enough weight 'is a substantive complaint, not a procedural one.'" (quoting Merced, 603 F.3d at 217)). For the reasons set forth herein, this challenge lacks merit.

[i]f the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects, sentences on all counts shall run concurrently, except to the extent otherwise required by law.

U.S.S.G. § 5G1.2(d). "The 'total punishment' is determined by the adjusted combined offense level." United States v. Chorin, 322 F.3d 274, 278 (3d Cir. 2003) (holding defendant with offense level sentence of 360 months was properly sentenced to consecutive sentences of 240 and 120 months). Here, Stull's total offense level was 43 and the Guidelines custodial range was life, but none of the offenses carried a life term. As a result, the Court followed the Guidelines directive by issuing a combination of consecutive and concurrent maximum sentences to reach the type of sentence that the Guidelines contemplated. See United States v. Lewis, 594 F.3d 1270, 1275-76 (10th Cir. 2010) (holding no error in issuing consecutive maximum sentence for each crime of conviction to arrive at a sentence of 330 years where proper Guidelines' sentence was life but no offense carried a life sentence); id. at 1275 ("[W]e fail to see how [the defendant] can complain of being sentenced to any term of years—after all, as a practical matter the longest that he can be incarcerated is for the rest of his life.")

Second, the District Court did not err in not explicitly addressing Stull's request for a 240-month sentence. It did so, however, by implication. The Court explained why the sentence it selected was necessary. Moreover, because the Guidelines prescribed a life sentence and the maximum statutory sentences Stull faced exceeded 300 years, a request for a 240-month sentence, predicated on a generalized estimate of Stull's life

6

expectancy represents a sentence of less than seven percent of the maximum sentence under § 5G1.2(d) of the Guidelines, and, as the Court explained, a greater sentence was needed to punish Stull and protect the public.

Third, Stull's contention that the District Court ceded to the prosecutor's request to ensure that he serve the sentence the state imposed is without merit. The Court acknowledged that the federal and state sentences were parallel but that it could not count on the federal sentence being unnecessary. More significantly, however, the Court's analysis did not rest on the prosecutor's request but instead demonstrated thoughtful consideration of Stull's crimes and other § 3553(a) factors.

For these reasons, Stull's sentence is procedurally reasonable.

B

Having concluded that the sentence "is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." Tomko, 562 F.3d at 568.

Stull argues that his sentence is substantively unreasonable because it amounts to more than his actual life, and it is greater than the sentence imposed on many murderers. A sentence that exceeds Stull's life expectancy is not, by itself, substantively unreasonable. United States v. Ward, 732 F.3d 175, 186 (3d Cir. 2013) ("The fact that [the defendant] may die in prison does not mean that his sentence is unreasonable."). Furthermore, a sentence of this magnitude for this type of offense is not unprecedented. See United States v. Christie, 624 F.3d 558, 574 (3d Cir. 2010) (affirming ninety-year sentence for fifty year old defendant who helped run a network that allowed for the

7

trading of hundreds of thousands of images of child pornography); United States v. Betcher, 534 F.3d 820, 827-28 (8th Cir. 2008) (affirming a 750-year sentence for child pornography, which "for practical purposes—is a life sentence"); United States v. Johnson, 451 F.3d 1239, 1244 (11th Cir. 2006) (per curiam) (affirming 140-year sentence for child pornography conviction as a reasonable sentence within the Guidelines range of life, despite the defendant's request for a 30-year sentence).

Finally, the District Court's "weighing and consideration" of the § 3553(a) factors "is exactly the type of 'reasoned appraisal' to which we defer on review." United States v. Styer, 573 F.3d 151, 155 (3d Cir. 2009) (quoting Kimbrough v. United States, 552 U.S. 85, 111 (2007)); United States v. Reibel, 688 F.3d 868, 872 (7th Cir. 2012) (holding that "sentencing judges have discretion over how much weight to give a particular factor" and that "[a]lthough the weighting must fall within the bounds of reason, those bounds are wide" (internal quotation marks omitted)).

Considering the totality of the circumstances, including the repeated and extreme nature of Stull's offenses, its impact on the victim and other family members, and the presence of few mitigating factors, we cannot say that no reasonable sentencing court would have imposed the same sentence on Stull.

### III

For the foregoing reasons, we will affirm.