# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3354

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　Plaintiff-Appellee,　　　*
　　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　　*　Eastern District of Arkansas.
Daniel Chrobak, also known as　　　*
Dan Chrobak,　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　Defendant-Appellant.　　*

_____

Submitted:  April 19, 2002

Filed:  May 7, 2002

_____

Before BOWMAN, LAY, and RILEY, Circuit Judges.

_____

LAY, Circuit Judge.

Daniel Chrobak appeals his conviction for possession and transport in interstate commerce of child pornography in violation of 18 U.S.C. § 2252. At trial, Chrobak moved to suppress evidence obtained from his home, asserting a defective warrant. The district court[1] denied his motion, and Chrobak entered a plea of guilty

_____

[1]The Honorable Stephen M. Reasoner, United States District Judge, Eastern District of Arkansas, presiding.

conditioned upon the outcome of this appeal pursuant to Federal Rule of Criminal Procedure 11(a)(2). We affirm.

On July 27, 1998, investigators from the New York State Attorney General's office observed a transmission of fourteen images on a newsgroup website known to be frequented by child pornographers and pedophiles.[2] This transmission contained several images of undisputed child pornography. The sender of the images identified himself as "Post@them.now." The records of Post@them.now's internet service provider revealed the moniker was registered to one Daniel Chrobak of North Little Rock, Arkansas. The New York authorities forwarded the images and their information to the FBI in Arkansas.

Special Agent Jill Hill, the coordinator of the FBI's Crimes Against Children office in Little Rock, Arkansas, received the information. Her superiors informed her they wished to search Chrobak's home on October 27, 1998, in conjunction with the execution of search warrants nationwide against members of Pedo University. Through Freedom of Information Act requests to the U.S. Post Office and Chrobak's telephone service provider, Agent Hill learned that Chrobak resided in a mobile home on Old Tom Box Road in Jacksonville, Arkansas. She surveilled the address and observed a vehicle registered to Chrobak parked out front.

Agent Hill applied for a search warrant. She described the activities of the New York Attorney General's office. She recounted the evidence pointing to the mobile home on Old Tom Box Road as Daniel Chrobak's residence. She described her training and experience in investigating child pornography and the sexual exploitation of children. She described the images as "graphic files depicting minors engaged in sexually explicit conduct," and stated: "Your affiant reviewed the

---

[2] The newsgroup members called themselves "Pedo University," i.e. Pedophile University.

transmitted images and determined that they depict sexually explicit conduct involving children under the age of 16." She also stated that child pornographers "almost always maintain and possess their materials in a place considered secure due to its inherent illegality." The magistrate judge issued a search warrant on the basis of Agent Hill's affidavit.

On October 27, 1998, police executed the warrant at Chrobak's residence. Agents seized his computer, computer disks, and a three ring binder containing child pornography. Forensic examination revealed the computer and disks contained thousands of images of child pornography. The sole question we must address is whether the search warrant for Chrobak's home was valid.

I.

Chrobak asserts the magistrate judge failed to make an independent judicial determination that the images were child pornography and, thus, not protected by the First Amendment. To make this determination, the judge must either view the images or rely on a detailed factual description of them. New York v. P.J. Video, Inc., 475 U.S. 868, 873-74 (1986). There is no dispute that the magistrate judge did not view the images. The pertinent question is whether Agent Hill's statements, "[y]our affiant reviewed the transmitted images and determined that they depict sexually explicit conduct involving children under the age of 16," and "graphic files depicting minors engaged in sexually explicit conduct," were detailed enough.

Chrobak argues they were not. He cites the Supreme Court's obscenity jurisprudence for the proposition that conclusory allegations by police that materials are obscene are insufficient. See Lee Art Theatre, Inc. v. Virginia, 392 U.S. 636, 637 (1968). A warrant must be supported by affidavits setting forth specific facts in order for the issuing magistrate judge to "focus searchingly on the question of obscenity." P.J. Video, 475 U.S. at 874 (quoting Marcus v. Search Warrant, 367 U.S. 717, 732

(1961)). According to Chrobak, Agent Hill's statement that the images graphically depicted children engaging in sexually explicit conduct amounted to "personal opinion" that did not specifically describe the images to allow a "searching" inquiry.

We disagree. Agent Hill's language is almost identical to the language of 18 U.S.C. § 2252 ("visual depiction involv[ing] the use of a minor engaging in sexually explicit conduct") for which Chrobak was convicted. Under United States v. Koelling, 992 F.2d 817, 821 (8th Cir. 1993), particularity is satisfied when the warrant describes material sought in the terms of the statute. Moreover, contrary to Chrobak's authority, Agent Hill did not simply allege the images were "obscene," a conclusion with which a magistrate judge might disagree. She described the graphic content of those images: they depicted actual children engaged in sexually explicit conduct. There are very few pictures of actual children engaged in sexual acts that are not child pornography, id. at 822, so it is unlikely the magistrate judge would have disagreed that the images constituted child pornography. This satisfies the standard for search warrants, a "'substantial basis for . . . conclud[ing]' that a search would uncover evidence of wrongdoing." United States v. Horn, 187 F.3d 781, 785 (8th Cir. 1999) (quoting Jones v. United States, 362 U.S. 257, 271 (1960)).

II.

Chrobak also makes two arguments against a finding of probable cause. He asserts someone else might have used his email address and Agent Hill performed an insufficient investigation to prove otherwise. He also notes the images were transmitted ninety-one days prior to execution of the warrant and asserts that evidence was too stale to provide probable cause that images would be found in Chrobak's home at the time of the search.

Again, we disagree. Probable cause means a "fair probability that . . . evidence of a crime will be found in a particular place." Id. at 785 (quoting Illinois v. Gates,

462 U.S. 213, 238 (1983)). Further, "[t]he source and credibility of evidence in support of a warrant request is considered in the totality of the circumstances analysis, and a warrant is proper so long as the evidence as a whole creates a reasonable probability that the search will lead to the discovery of evidence." Id. at 786 (quoting United States v. Humphrey, 140 F.3d 762, 764 (8th Cir. 1996)). Agent Hill established a sufficient nexus between Chrobak and the internet moniker by providing evidence that the name was registered to him. She also established a sufficient nexus between the transfer and Chrobak's house by providing evidence that he lived there and that, in her experience, pedophiles maintain their child pornography in a secure place.

Chrobak's staleness argument also falls short. There is no bright line test for staleness. See Koelling, 992 F.2d at 822. Agent Hill provided credible testimony from her professional experience that child pornographers generally retain their pornography for extended periods. On this basis, a magistrate judge could find a fair probability that Chrobak had child pornography at his home three months after the intercepted transfer. The magistrate judge also had to consider that the information had to pass from New York to Arkansas; Agent Hill had to independently verify the content of the images, the sender, and Chrobak's address; and Agent Hill had to coordinate the warrant with the nationwide operation against Pedo University. We hold the warrant was supported by probable cause.

The judgment of the district court is AFFIRMED.[3]

---

[3]Neither party has asserted the Supreme Court's recent opinion in Ashcroft v. The Free Speech Coalition, 535 U.S. __, 122 S. Ct. 1389 (2002), has any bearing on this case. We believe it does not. The Court therein reaffirmed the validity of 18 U.S.C. § 2252. See Free Speech Coalition, 122 S. Ct. at 1397. Moreover, even if the search warrant allowed seizure of some "virtual" child pornography, which the Court held constitutionally protected, our holding in United States v. Koelling, 992 F.2d 817, 821-22 (8th Cir. 1993), supports our holding that the warrant was not invalid.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.