# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3486

_____

United States of America,

      Appellee,

v.

Christopher Tony Heggebo,

      Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the Northern
\*  District of Iowa.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: April 28, 2011
Filed: May 4, 2011

_____

Before MELLOY, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

After Christopher Heggebo pled guilty to child pornography charges, reserving the right to challenge the denial of his motion to suppress, the district court[1] imposed consecutive statutory maximum sentences of 360 months and 120 months' imprisonment. On appeal, Heggebo's counsel has moved to withdraw and has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), arguing that the district court erred by denying the suppression motion and by imposing an unreasonable sentence. For the following reasons, we affirm.

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

First, we reject counsel's argument that the search warrants at issue were not supported by probable cause: the affidavits supporting the warrants contained sufficient credible information to establish probable cause to believe that Heggebo's home, and a videotape located during the search of his home, contained child pornography or evidence of it. *See United States v. El-Alamin*, 574 F.3d 915, 923 (8th Cir. 2009) (standard of review; affidavit provides probable cause for search warrant if it sets forth sufficient facts to lead prudent person to believe there is fair probability that contraband or evidence of crime will be found in particular place); *cf. United States v. Chrobak*, 289 F.3d 1043, 1044-45 (8th Cir. 2002) (attestation that images were graphic files depicting minors in sexually explicit conduct and that review of images showed sexually explicit conduct involving children under age 16 provided sufficient description for determination that images were child pornography).

Second, the district court did not abuse its discretion in sentencing Heggebo to a total of 480 months in prison. *See United States v. Betcher*, 534 F.3d 820, 826-27 (8th Cir. 2008) (describing factors constituting abuse of discretion). The advisory Guidelines range was life in prison, and the district court detailed its consideration of the 18 U.S.C. § 3553(a) sentencing factors, considered arguments for a lower sentence, and explained that it was imposing consecutive maximum sentences to ensure that Heggebo served 480 months in prison. *See* U.S.S.G. § 5G1.2(d) (if sentence imposed on count carrying highest statutory maximum is less than total punishment, then sentence imposed on one or more other counts shall run consecutively, but only to extent necessary to produce combined sentence equal to total punishment); *cf. Betcher*, 534 F.3d at 823-24, 827 (sentence of 9,000 months, or 750 years, for 24 counts of child pornography was not abuse of discretion; court properly calculated offense level that was higher than maximum Guidelines offense level, addressed arguments for lower sentence, determined defendant had high probability of reoffending, concluded Congress and justice called for serious punishment, considered relevant § 3553(a) factors, and imposed consecutive maximum sentences to ensure life sentence).

Finally, having reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75 (1988), we have found no nonfrivolous issues.  Accordingly, we affirm the district court's judgment, and we grant counsel's motion to withdraw.

_____