# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1616

_____

United States of America,                    *
                                             *
            Plaintiff – Appellee,            *
                                             *    Appeal from the United States
      v.                                     *    District Court for the
                                             *    Eastern District of Arkansas.
Mark Gilbert,                                *
                                             *    [UNPUBLISHED]
            Defendant – Appellant.           *

_____

Submitted: January 9, 2012
Filed: January 23, 2012

_____

Before MURPHY, BYE, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Mark Gilbert pleaded guilty to two counts of producing child pornography in violation of 18 U.S.C. § 2251(a). The district court[1] sentenced Gilbert to 360 months on each count, with 120 months of Count Two to run consecutively and the remainder to run concurrently, for a total of 480 months' imprisonment. On appeal, Gilbert contends the court procedurally erred by not properly applying the 18 U.S.C. § 3553 factors, the length of the sentence is substantively unreasonable, and the court erred in imposing a consecutive sentence. We affirm.

_____

[1]The Honorable Billy Roy Wilson, United States District Judge for the Eastern District of Arkansas.

"This court reviews a sentence first for procedural error, and if none, for substantive reasonableness under an abuse of discretion standard." United States v. Jefferson, 652 F.3d 927, 932 (8th Cir. 2011). Because Gilbert failed to object to the adequacy of the district court's explanation at sentencing, we review his procedural challenges for plain error, under which Gilbert must show a plain error that affects his substantial rights. United States v. Lomeli, 596 F.3d 496, 504 (8th Cir. 2010).

We find no plain error in the district court's sentence. "We do not require the district court to mechanically recite the § 3553(a) factors when, as here, it is clear from the record that the court properly considered those factors." United States v. McKanry, 628 F.3d 1010, 1021 (8th Cir. 2011) (internal quotation marks and citation omitted). The court explicitly stated it considered the § 3553(a) factors in fashioning its sentence, and it noted the appropriate statutory maximum sentence and the Guidelines range. See United States v. Thunder, 553 F.3d 605, 608 (8th Cir. 2009) (finding no procedural error where the district court declared it was required to take into account the § 3553 factors, and it recognized the statutory maximum and Guidelines range). Moreover, the court advised Gilbert it was inclined to reject the plea agreement and impose a higher sentence than that contemplated under the agreement; in doing so, the court provided Gilbert with an opportunity to confer with his counsel to decide whether to withdraw his guilty plea. In sum, the record shows the court fully considered the § 3553(a) factors and sufficiently explained its decision. See United States v. Bryant, 606 F.3d 912, 919 (8th Cir. 2010) (concluding the district court adequately considered the § 3553(a) factors where it reviewed the presentence investigation report, heard the parties arguments, and referred to the sentencing factors).

We also conclude the district court's 480-month sentence, while harsh, is not substantively unreasonable. "Substantive appellate review in sentencing cases is narrow and deferential; it will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as

substantively unreasonable." United States v. Kelley, 652 F.3d 915, 918 (8th Cir. 2011) (internal quotation marks and citation omitted). Here, the court expressed its belief that the 22-year sentence contemplated in the plea agreement was not sufficient to comply with the sentencing goals of § 3553(a), and it arrived at the chosen sentence after considering the § 3553(a) factors and addressing the circumstances presented by Gilbert's case. See United States v. Shuler, 598 F.3d 444, 447 (8th Cir. 2010) (finding no abuse of discretion in a 470-month sentence after the court considered the sentencing factors and the parties' arguments).

Finally, we conclude the district court's decision to impose a consecutive sentence was reasonable. Bryant, 606 F.3d at 920 (noting we review a court's imposition of consecutive sentences for reasonableness, which is akin to reviewing for abuse of discretion). The district court acknowledged the statutory maximum on Count One and Count Two was 360 months each, while the Guidelines range was life imprisonment. Accordingly, because the statutory maximum for each individual count was less than the Guidelines range, the court ran part of the sentence on Count Two consecutively. After reviewing the record, we conclude the district court did not abuse its discretion by imposing consecutive sentences. See United States v. Benton, 627 F.3d 1051, 1056 (8th Cir. 2010) (concluding there was no abuse of discretion in the court's decision to impose consecutive sentences where the sentences were within statutory limits, the court considered the appropriate factors, and adequately explained its reasoning); see also United States v. Heggebo, 416 F. App'x 575, 576 (8th Cir. 2011) (unpublished) (per curiam) (finding no abuse of discretion in the district court's consecutive statutory maximum sentences of 360 months and 120 months' imprisonment where the Guidelines range was life imprisonment, and the court considered the § 3553(a) factors).

We affirm.

_____