United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50351
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICK ROBERT VASQUEZ,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:02-CR-653-1
---------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Patrick Robert Vasquez was convicted and sentenced for conspiracy to distribute cocaine base and for aiding and abetting the possession of a firearm during a drug-trafficking crime.  His direct appeal was dismissed on his own motion.  Over three months later, he filed a motion to withdraw his guilty plea, which the district court denied.  Vasquez filed a notice of appeal before, but not after, the district court's ruling.

"A timely notice of appeal is necessary to the exercise of appellate jurisdiction."  <u>United States v. Cooper</u>, 135 F.3d 960,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

961 (5th Cir. 1998).  We lack jurisdiction for the following reasons.

The notice of appeal states clearly an intent to appeal "from the judgment of conviction and sentence herein rendered against" Vasquez, not to appeal a ruling on the motion to withdraw the guilty plea.  See FED. R. APP. P. 3(c)(1)(B) (requiring that a notice of appeal designate the judgment or order being appealed).  Although a notice of appeal filed before the entry of an order may be treated as filed on the date of and after the entry of the order, this treatment can be given only when the court has announced its decision and the notice of appeal is filed thereafter.  FED. R. APP. P. 4(b)(2); see FirsTier Mortgage Co. v. Investors Mortgage Ins. Co., 498 U.S. 269, 276-77 (1991).  The district court did not announce its decision or in any way intimate what its ruling on the motion would be until its May 4th order, and Vasquez did not thereafter file a notice of appeal.

Even if we were able to construe the premature notice of appeal as effective, there is still no basis for jurisdiction. Vasquez's post-sentencing motion to withdraw his guilty plea was unauthorized and without jurisdictional basis.  See United States v. Cook, 670 F.2d 46, 48 (5th Cir. 1982); FED. R. CRIM. P. 11(e) (after sentencing, a guilty plea may be set aside only on direct appeal or by a 28 U.S.C. § 2255 motion).  Accordingly, this court

lacks jurisdiction over any appeal arising from Vasquez's motion to withdraw his guilty plea. See Cook, 670 F.2d at 48-49.

Vasquez's direct appeal was dismissed upon his own motion, and neither Vasquez, the Government, nor the district court cited 28 U.S.C. § 2255 in connection with the motion to withdraw the guilty plea. Even if Vasquez's motion were construed as a 28 U.S.C. § 2255 motion, this court lacks jurisdiction because there has been no certificate of appealability (COA) ruling by the district court. See United States v. Youngblood, 116 F.3d 1113, 1114-15 (5th Cir. 1997).

This appeal is without arguable merit and thus frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). It is therefore DISMISSED. 5TH CIR. R. 42.2. We caution counsel. He has a duty not to bring frivolous appeals. In the future, he will be subject to sanctions for doing so. See United States v. Burleson, 22 F.3d 93, 95 (5th Cir. 1994).

APPEAL DISMISSED; SANCTION WARNING ISSUED.