# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2915

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Nicholas Bonahoom, | * | |
| | * | [PUBLISHED] |
| Appellant. | * | |

_____

Submitted: January 11, 2007
Filed: April 5, 2007

_____

Before COLLOTON, BRIGHT and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Nicholas Bonahoom pled guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and a related count of criminal forfeiture. The district court[1] sentenced him to 37 months' imprisonment and three years of supervised release. Eight days after entry of judgment, Bonahoom attempted to withdraw his guilty plea pursuant to Fed. R. Crim. P. 11(e), arguing that he suffers from several mental impairments and that he was not competent to plead guilty. Two

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

days later, while his motion to withdraw his plea was pending, Bonahoom filed a notice of appeal identifying as issues on appeal both the reasonableness of his sentence and his motion to withdraw his guilty plea. The district court denied Bonahoom's motion to withdraw his plea four days after he filed his notice of appeal. Bonahoom did not file another notice of appeal after the district court denied his motion.

As a preliminary matter, we have an independent obligation to examine our own jurisdiction. *United States v. Hays*, 515 U.S. 737, 742 (1995). "Without jurisdiction the court cannot proceed at all in any cause; it may not assume jurisdiction for the purpose of deciding the merits of the case." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, --- U.S. ---, 127 S. Ct. 1184, 1191 (2007) (internal quotation omitted). Because there is an indication that we may lack jurisdiction over some aspects of this appeal, we raise the issue sua sponte even though the parties have not raised the issue. *United States v. Duke*, 50 F.3d 571, 574 (8th Cir. 1995).

We conclude that we are without jurisdiction to address the issue of the district court's denial of Bonahoom's motion to withdraw his guilty plea. "In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days *after* the later of . . . the entry of either the judgment or the order being appealed." Fed. R. App. P. 4(b)(1)(A) (emphasis added). "A timely notice of appeal is mandatory and jurisdictional." *United States v. Austin*, 217 F.3d 595, 597 (8th Cir. 2000). Bonahoom's notice of appeal preceded the district court's order denying his motion to withdraw his guilty plea by four days. Bonahoom's premature notice of appeal of that order does not fall within the exception found in Rule 4(b)(2) because the district court had not announced its decision on the plea withdrawal issue prior to Bonahoom's filing of his notice of appeal. Likewise, Rule 4(b)(3) does not save Bonahoom's premature notice of appeal of his motion to withdraw his guilty plea because the motion was not one for acquittal under Fed. R. Crim. P. 29, new trial under Fed. R. Crim. P. 33 or arrest of judgment under Fed. R. Crim. P. 34. Because

Bonahoom failed to file a notice of appeal within ten days after the district court denied his motion to withdraw his guilty plea, "the order being appealed," we are without jurisdiction to address that issue. *See United States v. Vasquez*, 121 Fed. Appx. 17, 18 (5th Cir. 2004) (unpublished per curiam) (holding on similar facts that the court of appeals lacked jurisdiction and also noting that the defendant's post-sentencing motion to withdraw his guilty plea "was unauthorized and without jurisdictional basis" in district court because Fed. R. Crim. P. 11(e) only allows a guilty plea to be set aside on direct appeal or collateral attack after sentencing).

Bonahoom's notice of appeal is effective with respect to his challenge to the reasonableness of his sentence, as he filed his notice of appeal within ten days after entry of judgment. Bonahoom argues that the district court erred by failing to consider his purported mental impairments at sentencing and that his sentence is otherwise excessive. With respect to the district court's failure to consider Bonahoom's mental impairments at sentencing, Bonahoom admits that the issue of his mental impairments was not raised before the district court at sentencing. Thus, the issue has not been preserved. Ordinarily, where a party has forfeited an issue through a failure to preserve it, we review the district court's actions for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Mooney*, 425 F.3d 1093, 1103 (8th Cir. 2005) (en banc). The first requirement of plain error review "is that there indeed be an 'error.'" *United States v. Olano*, 507 U.S. 725, 732 (1993). "If a legal rule was violated during the district court proceedings, and if the defendant did not waive the rule, then there has been an 'error' within the meaning of Rule 52(b) despite the absence of a timely objection." *Id*. at 733-34. Here, Bonahoom does not identify any legal rule violated by the district court at sentencing, nor can we. As Bonahoom admits that he presented no evidence of his purported mental impairments to the district court at or before the sentencing hearing, the district court certainly did not violate a legal rule in failing to consider such evidence. Consequently, we find no error, much less plain error, in the district court's failure to consider Bonahoom's purported mental impairments at the sentencing hearing.

Turning to the reasonableness of Bonahoom's sentence, Bonahoom argues that the district court failed to consider all of the 18 U.S.C. § 3553(a) factors at sentencing and that his sentence is consequently unreasonable. We disagree. We review the reasonableness of a sentence for abuse of discretion. *United States v. Gnavi*, 474 F.3d 532, 537 (8th Cir. 2007). "A sentencing court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Long Soldier*, 431 F.3d 1120, 1123 (8th Cir. 2005). Further, a district court need not "categorically rehearse" each of the § 3553(a) factors as long as it is clear that the court considered them. *Gnavi*, 474 F.3d at 538 (quoting *United States v. Dieken*, 432 F.3d 906, 909 (8th Cir. 2006)). The district court sentenced Bonahoom at the bottom of the undisputed advisory guidelines range of 37 to 46 months' imprisonment. In deciding that a downward variance was not warranted, the district court noted that there was no reason "for deviating from the guidelines here under 3553(a)." The record does not reflect that the district court failed to consider a relevant factor that should have received significant weight, or that it gave significant weight to an improper or irrelevant factor or that it committed a clear error of judgment in weighing the appropriate factors. As a result, we hold that the district court did not abuse its discretion in sentencing Bonahoom and that his resulting sentence was not unreasonable.

In light of the foregoing, we affirm Bonahoom's sentence.

_____