# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3743

_____

United States of America,

        Appellee,

v.

Allan Joseph Schaefer,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of Minnesota.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: March 19, 2009
Filed: March 24, 2009

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Allan Schaefer challenges the 92-month prison sentence the district court[1] imposed after he pleaded guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Schaefer challenges the court's application of a 2-level enhancement for possessing a stolen firearm, the court's denial of his motion for a downward departure, and the reasonableness of the sentence.

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

We conclude that the court did not err, much less plainly err, in applying the 2-level enhancement because the firearm had been stolen. See U.S.S.G. § 2K2.1, comment. (n.8(B)) (enhancement for stolen weapon applies whether or not defendant knew or had reason to believe firearm was stolen); United States v. Pirani, 406 F.3d 543, 549 (8th Cir. 2005) (en banc) (to preserve error for appellate review, objection must timely and clearly state grounds for objection; errors not properly preserved are reviewed for plain error only).

We further conclude that the district court's denial of Schaefer's motion for a downward departure is unreviewable. See United States v. Frokjer, 415 F.3d 865, 875 (8th Cir. 2005) (district court's discretionary decision not to depart downward is unreviewable; declining to review defendant's claim that she was entitled to departure where court clearly recognized it had authority to depart and declined to exercise authority).

Finally, we conclude that the sentence is not unreasonable. See United States v. Bonahoom, 484 F.3d 1003, 1005 (8th Cir. 2007) (per curiam) (reasonableness of sentence is reviewed for abuse of discretion). The record shows that the court properly considered various sentencing factors, including Schaefer's extensive criminal history, in imposing the within-Guidelines-range sentence. See 18 U.S.C. § 3553(a)(1) (nature and circumstances of offense and history and characteristics of defendant), (2)(A) (need for sentence imposed to reflect seriousness of offense, promote respect for law, and provide just punishment); United States v. Denton, 434 F.3d 1104, 1113 (8th Cir. 2006) (within-Guidelines-range sentence is presumptively reasonable); see also Rita v. United States, 127 S. Ct. 2456, 2462-68 (2007) (allowing appellate presumption of reasonableness). We find no indication that the court overlooked a relevant factor, gave significant weight to an improper or irrelevant factor, or misapplied the factors. See United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005).

Accordingly, we affirm.

_____