NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0375n.06

Case No. 09-2337

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Jun 02, 2011*

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,    )
                              )
    Plaintiff-Appellee,       )
                              )          ON APPEAL FROM THE
    v.                        )          UNITED STATES DISTRICT
                              )          COURT FOR THE WESTERN
ROSALIO OCON-FIERRO,          )          DISTRICT OF MICHIGAN
                              )
    Defendant-Appellant.      )
                              )
_____    )

BEFORE: BATCHELDER, Chief Judge; MARTIN and SUTTON, Circuit Judges.

    **ALICE M. BATCHELDER, Chief Judge.** Rosalio Ocon-Fierro ("Fierro") pled guilty to

possessing with intent to distribute 500 grams or more of methamphetamine in violation of 21

U.S.C. § 841(a)(1) and (b)(1)(A)(viii). He was sentenced to 144 months in prison, and he now

brings this appeal challenging the reasonableness of that sentence. For the following reasons, we

AFFIRM.

**I.**

    Fierro was brought to the attention of the Drug Enforcement Administration ("DEA") in

February 2009 when a confidential informant reported that Fierro had been transporting narcotics

to Grand Rapids, Michigan, for sale to local drug traffickers. In the following weeks, the DEA

coordinated with the confidential informant and the Kent Area Narcotics Enforcement Team to

organize a controlled buy of narcotics from Fierro. Their efforts were successful, and Fierro was

caught with 1,332 grams of methamphetamine, which was located in a professionally-installed hidden compartment of his truck.

Once apprehended, Fierro twice identified himself by a false name, but he admitted that there were drugs in the vehicle and told the officers how to access the hidden compartment. After the officers confronted him with information regarding his residence, he eventually admitted to his true identity. He consented to a search of his residence and admitted to having additional narcotics in the residence. A subsequent search of that residence revealed, among other things, (1) approximately 420 grams of methamphetamine (including packaging); (2) approximately 250 grams of heroin (including packaging); (3) a fully-functional sawed-off shotgun; and (4) a briefcase containing three spiral notebooks whose handwritten contents appeared to be ledgers and miscellaneous documentation.

Fierro pled guilty to possessing with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 841. He filed a motion for a downward variance, arguing that his cooperation with law enforcement and his pending deportation warranted a lenient sentence. At the sentencing hearing, the district court denied Fierro's motion and imposed a sentence of 144 months in prison, which was in the lower-half of the Guidelines range. This timely appeal followed.

## II.

Fierro argues that his sentence was both procedurally and substantively unreasonable. We review sentences for reasonableness under a deferential abuse-of-discretion standard. *United States*

*v. Alexander*, 543 F.3d 819, 821-22 (6th Cir. 2008). A sentence within the Guidelines range is presumed reasonable. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc).

We review the reasonableness of a sentence as a matter of both procedure and substance. *United States v. Brown*, 557 F.3d 297, 299 (6th Cir. 2009).

> A sentence is procedurally unreasonable if it is marked by significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.
>
> A sentence may be substantively unreasonable when the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor.

*Id*. (internal quotation marks and citations omitted; paragraph break added). For the reasons that follow, we hold that the sentence imposed by the district court was neither procedurally nor substantively unreasonable.

**A.**

Fierro argues that the district court's sentence was procedurally unreasonable because the district court failed to consider and explain its rejection of his arguments in favor of a downward variance. Specifically, he claims that the court "did not really address" his cooperation with law enforcement officials and his pending deportation following release from custody.

A review of the record indicates that the district court adequately explained its chosen sentence. At the sentencing hearing, Fierro's counsel and Fierro himself were given adequate opportunity to explain why they believed a downward variance was warranted. The court then

explained why it was going to deny the motion, noting, among other things, that the drug trafficking was sophisticated, that the amount of drugs involved was very large, and that Fierro's criminal history level did not adequately reflect the fact that he had a long history of drug offenses. Additionally, the court specifically noted that Fierro gave a false name when he was initially arrested, and that he did not cooperate with law enforcement until it was clear that he had no other option. The district court considered and rejected Fierro's argument that any cooperation he provided warranted a downward variance.

Moreover, even though it appears that Fierro never raised the deportation issue at the hearing, the district court explicitly mentioned the issue, stating, "the question of deportation [needs to] be resolved as soon as possible." It appears that, at the time of sentencing, it was not settled that Fierro would, in fact, be deported following his imprisonment, but that the district court was aware that he likely would be. Other than merely mentioning deportation, Fierro never provided any reason or argument that pending deportation warrants a lighter sentence. We have previously noted that pending deportation could, in fact, warrant a harsher sentence. *See United States v. Petrus*, 588 F.3d 347, 356 (6th Cir. 2009) (noting that a defendant's pending deportation could lead a sentencing court to conclude that an *upward variance* is warranted because the defendant has "abus[ed] the privilege" of entry into this country). In any event, the district court did not abuse its discretion by refusing to grant a downward variance on the basis of possible deportation. *Cf. United States v. Mendez*, 362 F. App'x 484, 488 (6th Cir. 2010) ("Here . . . the district court was aware that [the defendant] was subject to deportation . . . . It was not an abuse of discretion for the district court to fail to grant . . . a variance based on such awareness.").

4

Because the district court adequately explained its sentence and specifically addressed both cooperation and deportation, Fierro's argument that the sentence was procedurally unreasonable fails.

**B.**

Fierro next argues that his sentence was substantively unreasonable because the court gave excessive weight to several factors. Namely, Fierro argues that the district court gave excessive weight to: (1) the secret compartment in his truck, (2) his use of a false name, (3) his previous criminal conduct, and (4) his unverified employment history.

While it is true that the district judge mentioned each of these factors during sentencing, it is clear from the record of the sentencing hearing that the judge mentioned them specifically to explain why he was not going to grant a downward variance. Indeed, these factors tend to show the sophistication and scope of Fierro's drug trafficking. Other than the fact that these factors were mentioned by the district court, Fierro fails to provide any evidence whatsoever that the district court excessively weighed these factors in arriving at the sentence, or that the sentence was arbitrary in any way. The sentencing transcript reveals nothing to suggest that the district court abused its discretion in considering these factors. *Cf. United States v. Houston*, 529 F.3d 743, 756 (6th Cir. 2008) ("Defendant's substantive-unreasonableness argument thus boils down to . . . a contention that the sentencing judge should have weighed the circumstances differently . . . . [That contention is] beyond the scope of proper appellate review for substantive unreasonableness.").

Accordingly, Fierro's argument that his sentence was substantively unreasonable fails.

5

## III.

For the foregoing reasons, we **AFFIRM** the sentence imposed by the district court.