NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0714n.06

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Sep 10, 2014
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| SAFEEN SADIQ, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: DAUGHTREY, ROGERS and DONALD, Circuit Judges.

ROGERS, Circuit Judge.   Safeen Sadiq and a co-conspirator fraudulently obtained and used credit cards in other people's names.  Sadiq pleaded guilty to conspiracy to commit access device fraud, and the district court sentenced him to 21 months' imprisonment.  Sadiq now appeals his sentence, arguing that the district court erred in not letting him withdraw his guilty plea, that the district court improperly concluded that Sadiq did not accept responsibility, that the district court imposed an unreasonable sentence, that the district court should have granted him relief under Rule 35(a), and that the court should have sealed the records below.  Because the notice of appeal preceded the district court's order denying Sadiq's motions to withdraw his guilty plea, to correct or amend the sentence under Rule 35(a), and to seal pleadings, we lack jurisdiction to review that order.  The remaining issues do not warrant relief on appeal.

Sadiq and a co-defendant, Farbod Djafari, were indicted by a grand jury and charged with one count of conspiracy to commit access device fraud, in violation of 18 U.S.C. § 371, one count of access device fraud, in violation of 18 U.S.C. § 1029, two counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A, as well as two forfeiture allegations. Sadiq's co-defendant remains a fugitive. Sadiq entered into a written plea agreement on June 12, 2013, in which he agreed to plead guilty to count 1, conspiracy to commit access device fraud, in violation of 18 U.S.C. § 371. The agreement also provided that Sadiq "will be required to pay full restitution as required by law." In exchange for that guilty plea, the Government agreed to dismiss all other charges against Sadiq.

As part of the plea agreement, Sadiq admitted the facts contained in the written plea agreement. Sadiq admitted that he and Djafari obtained unauthorized credit card accounts in the names of two other individuals, Djafari's business associate, Ammar Mikho, and mother-in-law Masoumeh Khoshbin, without their permission. On the applications, Sadiq and Djafari falsely represented that Mikho and Khoshbin were employees at Djafari's companies earning fictitious salaries of up to $396,500 per year. Sadiq and Djafari also put addresses, e-mail addresses, and telephone numbers that they controlled on the applications, so Mikho and Khoshbin would not receive communications from the credit card companies alerting them that accounts had been opened in their names. Sadiq personally completed and submitted several of the applications over the Internet. Sadiq and Djafari used the credit cards to secure cash advances and purchase goods and services. Sadiq admitted purchasing furniture, lingerie, airfare, and lodging.

In addition, the plea agreement explicitly contained no agreement about the appropriate sentencing guidelines factors or the final guidelines range, and instead stated that the district court would determine the facts and calculations relevant to sentencing. The plea agreement also provided that Sadiq "understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea." Moreover, the agreement stated that Sadiq "knowingly waives the right to appeal any sentence that is at or below the maximum guideline range as determined by the Court before any upward departure or variance." Finally, the agreement stated that "[t]his agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties." Sadiq signed the written plea agreement and in writing acknowledged that he had read the agreement, understood its terms, and voluntarily agreed to its terms.

The presentence investigation report indicated that the total losses from Sadiq and Djafari's crimes amounted to $166,726.71. Sadiq's total offense level was 15, which included a 10-point enhancement for an intended or actual fraud loss of more than $120,000.00, and a criminal history category of I. The guideline imprisonment range thus came to 18–24 months, with a guideline range for a term of supervised release between 1 and 3 years. Sadiq submitted several objections to the presentence investigation report. Sadiq also filed two sentencing memoranda in which he objected to the loss amount attributed to Sadiq and argued for a minor-role adjustment. Later, at sentencing, Sadiq again objected to the loss amount and the lack of a minor-role reduction in the level-of-offense calculation. The objection to the loss amount was based on Sadiq's assertion that he only benefited in the amount of only approximately $4,700.

Sadiq's counsel's statement contradicted facts in the plea agreement—specifically, that Sadiq did not initially know that Djafari lacked permission from Khoshbin and Mikho to open the credit card account—but Sadiq's counsel maintained that Sadiq should receive credit for acceptance of responsibility. The district court overruled Sadiq's amount-of-loss objection and adhered to the loss amount in the presentence investigation report, attributing the full loss amount to Sadiq. The district court also determined that Sadiq had not demonstrated that a mitigating-role enhancement was appropriate. Finally, the district court concluded that acceptance of responsibility credit was no longer warranted, and determined that the guidelines calculation was thus 18, with a criminal history category of I, and a guideline range of imprisonment of 27–33 months.

On January 28, 2014, the district court sentenced Sadiq to 21 months in prison and 3 years of supervised release, ordered restitution to be paid in the amount of $166,726.71, as well as a special assessment of $100, and dismissed the other counts contained in Sadiq's indictment. Sadiq subsequently retained new counsel and moved to withdraw his guilty plea two weeks later, on February 11, 2014. On the same day, Sadiq moved under Rule 35(a) to correct or amend his sentence, arguing that the district court failed to consider all relevant 18 U.S.C. § 3553 factors, including the fact that he will likely be deported to Iraq. Sadiq also moved to seal the Government's motion for downward departure and Sadiq's sentencing memorandum, citing Sadiq's safety concerns and the fact that the Government's motion contained details regarding Sadiq's cooperation that he did not intend to make public. Sadiq also moved for an extension of time to report to prison. The next day, Sadiq filed a notice of appeal. The day after that, the

district court denied Sadiq's motion to correct or amend the sentence under Rule 35(a), his motion to seal pleadings, his motion for extension of reporting time, and his motion to withdraw the guilty plea.

### 1. Motion to Withdraw

We lack jurisdiction to review the district court's denial of Sadiq's motion to withdraw his guilty plea because Sadiq's notice of appeal preceded the district court's order denying his motion to withdraw his guilty plea by one day. "In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days *after* the later of . . . (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." Fed. R. App. P. 4(b)(1)(A) (emphasis added). When a notice of appeal is filed *before* the district court's order denying the defendant's motion to withdraw his guilty plea, the notice of appeal is premature and thus ineffective with respect to appealing the order deciding the motion to withdraw the plea. *See United States v. Bonahoom*, 484 F.3d 1003, 1005 (8th Cir. 2007) (per curiam); *United States v. Vasquez*, 121 F. App'x 17, 18 (5th Cir. 2004) (per curiam) (unpublished).

Even if we had jurisdiction to review the district court's order, we would conclude that the district court properly denied Sadiq's motion to withdraw his guilty plea, because the motion was filed after his sentence was imposed. Sadiq was sentenced on January 28, 2014, and filed his motion to withdraw the plea two weeks later, on February 11, 2014. "After the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may

be set aside only on direct appeal or collateral attack." Fed. R. Crim. P. 11(e); *United States v. Ashurst*, 464 F. App'x 514, 515–16 (6th Cir. 2012) (per curiam).

## 2. Acceptance of Responsibility

The district court did not clearly err in denying the defendant an acceptance-of-responsibility reduction. *See United States v. Genschow*, 645 F.3d 803, 813 (6th Cir. 2011) (stating clearly erroneous scope of review). This standard of review entails substantial deference:

> Because the trial court's assessment of a defendant's contrition will depend heavily on credibility assessments, the "clearly erroneous" standard will nearly always sustain the judgment of the district court in this area. Indeed, the guidelines specifically state that "[t]he sentencing judge is in a unique position to evaluate the defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review and should not be disturbed unless it is without foundation."

United States v. Carroll, 893 F.2d 1502, 1511–12 (6th Cir. 1990) (citations omitted). Sadiq argues that he should have been given a two- or three-level reduction in his guidelines offense level for acceptance of responsibility, as permitted by § 3E1.1 of the guidelines. Sadiq argues that, at sentencing, he merely "intended to explain that he played a minor role in the offense and that he was not entirely aware of the extent of the loss nor did he authorize or directly assist in the loss." However, the sentencing transcript tells a different story. First, Sadiq's counsel maintained the position that "Sadiq believed that Mr. Djafari had permission from [the victims]" to open credit cards in the victims' names, that no one "could foresee what Mr. Djafari was up to," and that Sadiq "was [not] fully aware of what . . . Djarfari was up to." These statements directly conflict with the plea agreement. At sentencing Sadiq himself only said:

> I'm sorry for what I did for my—you know, I did mistakes. But I'm learning from my mistakes as I grew. I was used by [Djafari], you know, for a while.
>
> I'm sorry, you know, for the victims, you know, what they probably went through and everybody else. You know, if I should have—if I wouldn't have helped [Djafari], this wouldn't have happened, and I apologize to them and everybody for what I did. I've been going through pains, and this won't happen again.

Moreover, Sadiq also filed two sentencing memoranda in which he objected to the loss amount attributed to him and argued for a minor-role adjustment. We have previously pointed out that "[m]erely expressing regret for the consequences of the criminal conduct, without admitting wrongful intent, does not constitute acceptance of responsibility within the meaning of the Guidelines." *Genschow*, 645 F.3d at 813. "Although a guilty plea may provide some evidence of a defendant's acceptance of responsibility, that acceptance remains questionable where, as here, the plea may have been induced by factors of overwhelming evidence of guilt and desire to avoid the risk of conviction on other charges . . . ." *Carroll*, 893 F.2d at 1512. Therefore, the district court did not commit clear error in declining to grant Sadiq an "acceptance of responsibility" reduction.

In connection with this issue, Sadiq also argues that his attorney was ineffective for filing sentencing memoranda and raising issues at the sentencing hearing that jeopardized Sadiq's ability to receive credit for acceptance of responsibility, namely, contesting the loss amount and asserting that Sadiq believed the victims gave Djafari consent to open the credit card accounts. However, "[t]his Court typically will not review a claim of ineffective assistance on direct appeal except in rare cases where the error is apparent from the existing record." *United States v. Ross*, 703 F.3d 856, 882 (6th Cir. 2012) (internal quotations omitted); *see also United States v.*

*McAllister*, 693 F.3d 572, 586 (6th Cir. 2012).  Because further exploration and findings of facts would be helpful for resolving an ineffective assistance of counsel claim in this case, we decline to consider Sadiq's ineffective assistance arguments on direct appeal.

**3. Reasonableness of Sadiq's Sentence**

Sadiq argues unpersuasively that the district court failed to consider all the factors set forth in 18 U.S.C. § 3553, including the fact that he would likely be deported and "that he will not be afforded the programs and reductions in prison and other factors that warranted a downward departure."  "Challenges to the reasonableness of a sentence are reviewed under the deferential abuse-of-discretion standard."  *United States v. Brooks*, 628 F.3d 791, 795 (6th Cir. 2011).  Sadiq's arguments in this connection are without merit regardless of whether we apply abuse-of-discretion or plain-error review.  During Sadiq's sentencing, his counsel discussed the challenges Sadiq faces as an immigrant.  The closest counsel got to requesting a variance based on Sadiq's immigrant status was the following statement by counsel prior to Sadiq's allocution:

> By virtue of his guilty plea, [Sadiq] is most likely going to lose any safe status here. Or certainly could. And so I think in a sense he is a man without a country. He's not sure legally where he's going to go after this. So that's caused a lot of mistrust, doubt, confusion, and fear, frankly.
>
> And so I think the Court needs to understand that to really get an understanding of Mr. Sadiq and maybe his behavior through some of this.

In addition to listening to that argument, the district judge reflected on the § 3553 factors before rendering his decision and acknowledged that immigration status may affect the availability of some educational and vocational opportunities in prison.  Sadiq has not demonstrated how this degree of consideration constituted error.  We have previously concluded that "the district court

did not abuse its discretion by refusing to grant a downward variance on the basis of possible deportation." *United States v. Ocon-Fierro*, 425 F. App'x 457, 459 (6th Cir. 2011); *see also United States v. Mendez*, 362 Fed. App'x. 484, 488 (6th Cir. 2010) ("Here . . . the district court was aware that [the defendant] was subject to deportation . . . . It was not an abuse of discretion for the district court to fail to grant . . . a variance based on such awareness.").

**4. Rule 35(a) Resentencing Motion**

We lack jurisdiction to review the district court's order denying Sadiq's Rule 35(a) motion, for the same reason as previously articulated with respect to Sadiq's motion to withdraw his guilty plea. Sadiq's notice of appeal preceded the district court's order denying his Rule 35(a) motion by one day, and he did not amend his original notice of appeal or file a new notice of appeal. The First Circuit recently considered this same issue and held that:

> when a defendant's timely notice of appeal follows [a post-judgment motion to correct a sentence under Rule 35(a)] but predates any action on the motion by the district court . . . the original notice of appeal, unamended, does not create appellate jurisdiction to review the district court's subsequent disposition of the Rule 35(a) motion. In order to test the post-appeal denial of Rule 35(a) relief, the defendant must either amend his original notice of appeal or file a new notice of appeal.

*United States v. Ortiz*, 741 F.3d 288, 290 (1st Cir. 2014). Moreover, under Fed. R. App. P. 3(c)(1)(B), a notice of appeal must "designate the judgment, order, or part thereof being appealed." In *Ortiz*, "nothing about the defendant's notice of appeal manifests an intention to contest the outcome of the Rule 35(a) motion—an outcome that remained uncertain on the day the notice was filed," and the defendant in that case did not amend his pending notice of appeal to cover the subsequent ruling, or file a supplemental notice of appeal. *Ortiz*, 741 F.3d at 292.

Like the notice of appeal in *Ortiz,* here Sadiq's notice of appeal does not manifest an intent to contest the then-pending motion once the district court disposed of it. Like the defendant in *Ortiz*, Sadiq did not amend his notice of appeal or file a supplemental notice of appeal. Accordingly, we lack jurisdiction to review the district court's denial of the Sadiq's Rule 35(a) motion.[1]

Moreover, the district court correctly denied Sadiq's Rule 35(a) motion on its merits. "The authority to correct a sentence conferred by Rule 35(a) is extremely limited." *United States v. Houston*, 529 F.3d 743, 749 (6th Cir. 2008) (internal quotations and citations omitted). Under Rule 35(a), "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). Sadiq filed a motion for resentencing pursuant to Rule 35 on the basis that the district court erroneously refused to apply a three-point reduction in the guidelines calculation based on Sadiq's challenge to the amount of restitution, and because the district court failed to consider all the § 3553 factors "including the fact that [Sadiq] will likely be permanently deported to Iraq" and "will have to serve a longer and harsher sentence without being afforded any programs or half-way house opportunities." The substance of each of these two arguments has been addressed above, and

---

[1] Although it is true, under Fed. R. App. P. 4(b)(5), that the district court retained jurisdiction to rule on the Rule 35(a) motion even after Sadiq filed a notice of appeal, and that Sadiq's notice of appeal remained valid even after the district court subsequently disposed of the Rule 35(a) motion, that subsection does not go so far as to permit the scope of the earlier notice of appeal to extend to a subsequent order deciding the Rule 35(a) motion. This interpretation is corroborated by the advisory committee notes accompanying the 2002 amendments to Rule 4, which explain that "[i]f a district court corrects a sentence pursuant to Fed. R. Crim. P. 35(a), the time for filing a notice of appeal of the corrected sentence under Rule 4(b)(1) would begin to run when the court enters a new judgment reflecting the corrected sentence." Fed. R. App. P. 4, Comm. note to subdivision (b).

neither demonstrates an "arithmetical, technical, or other clear error." Sadiq reiterates on appeal that the court's failure to consider § 3553 factors "including the deportation of the defendant, the lack of access to federal programs and his reputation in the community . . . constitute obvious and clear error that affect his substantial rights and affect the fairness and integrity of the judicial proceedings." This argument is unavailing. "[I]f an error did not constitute an obvious error or mistake that would have resulted in a remand by this Court, it is outside of Rule 35(a)'s narrow purview." *United States v. Arroyo*, 434 F.3d 835, 838 (6th Cir. 2006) (internal quotations, alterations, and citations omitted). Accordingly, the district court properly denied Sadiq's motion.

## 5. Motion to Seal

For the same reasons as those outlined above with respect to Sadiq's motion to withdraw his guilty plea and his Rule 35(a) motion, we lack jurisdiction to review the district court's denial of Sadiq's motion to seal the pleadings. The district court denied Sadiq's motion to seal the pleadings in an order filed one day after Sadiq filed his notice of appeal, and Sadiq did not amend his original notice of appeal or file a new notice of appeal.

For the foregoing reasons, we dismiss the appeal with respect to Sadiq's motion to withdraw his guilty plea, his motion under Rule 35(a), and his motion to seal. As to the remaining issues on appeal, we affirm the district court's judgment.